**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LOKMAN MOHAMED** | **CIVIL ACTION** |
| **v.** | **NO. 22-516** |
| **ESSAM E. BABKKIR & EDIRGAWI TRANSPORT, INC,** | |

**MEMORANDUM RE: DEFENDANTS' MOTION TO TRANSFER**

**Baylson, J.**                                                                                          **April 4, 2022**

This civil case arises from an alleged motor vehicle accident that occurred in Washington Township, Jefferson County, Pennsylvania on February 12, 2020.  In January 2022, Plaintiff Lokman Mohamed brought suit against Defendants Essam E. Babkkir and Edirgawi Transport, Inc. (collectively, "Defendants") in state court, alleging various negligence causes of action and seeking to recover punitive damages as well as property damages.  See Compl. (ECF 1). Defendants removed the action from state court in February 2022 and now seek to transfer it to the Western District of Pennsylvania.  For the following reasons, the motion will be granted.

**I.      Alleged Facts and Procedural History**

According to Plaintiff, on February 12, 2020, while stopped in his tractor-trailer on the right-hand shoulder of I-80 (westbound) in Washington Township, Jefferson County, Pennsylvania, waiting to enter a rest stop, Defendant Babkkir lost control of his vehicle and "violently collid[ed]" with Plaintiff's parked tractor-trailer.  See Compl. ¶¶ 7-10, 13-14.  As a result of the accident, Plaintiff alleges that he "suffered serious and permanent injuries," and his tractor-trailer, a 2012 Freightliner Cascadia 125, received "major damage."  Id. at ¶¶ 15, 18, 23. At the time of the accident, Plaintiff alleges that Babkkir was an agent or employee of Defendant Edirgawi Transport, see id. at ¶ 25, and was driving a company-owned tractor-trailer, see id. at

1

¶ 26.  Plaintiff suggests that Edirgawi Transport was deficient in its training and safety policies and guidelines, and otherwise knew or should have known that Babkkir "was incapable of safely operating a tractor-trailer vehicle." See id. at ¶¶ 29, 34-37.

On January 21, 2022, Plaintiff filed an action against Defendants in the Court of Common Pleas, Philadelphia County, alleging negligence claims against Babkkir and Edirgawi Transport, and seeking recovery of punitive damages as well as property damages.  Defendants removed the action on February 9, 2022, see Notice of Removal (ECF 1), and, the next day, answered the Complaint and filed a third-party complaint against Diebold Nixdorf, Inc. and Olga Schilk, see Ans. and Third-Party Complaint (ECF 3).  On February 14, 2022, Defendants filed a motion to transfer venue to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).  See Mot. (ECF 5).

## II.    Legal Standard

A district court may transfer a civil action "to any other district or division where it might have been brought or to any district or division to which all parties have consented" "[f]or the convenience of the parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  "The burden of establishing the need for transfer . . . rests with the movant," Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995), and "in ruling on defendants' motion the plaintiff's choice of venue should not be lightly disturbed," id. (internal quotations omitted); see also Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) (a motion to transfer "is not to be liberally granted") (internal quotations omitted).

Courts are to balance a number of private and public interests in deciding whether a transfer of venue is warranted, to include: (1) the "plaintiff's forum preference as manifested in the original choice"; (2) "the defendant's preference"; (3) "whether the claim arose elsewhere"; (4) "the

convenience of the parties as indicated by their relative physical and financial condition"; (5) "the convenience of the witnesses"; (6) "the location of books and records," (7) "all other practical problems that make trial of a case easy, expeditious and inexpensive"; (8) "the enforceability of the judgment"; (9) "the relative administrative difficulty in the two fora resulting from court congestion"; (10) "the local interest in deciding local controversies at home"; (11) "the public policies of the fora"; and (12) "the familiarity of the trial judge with the applicable state law in diversity cases."  In re: Howmedica Osteonics Corp., 867 F.3d 390, 402 (3d Cir. 2017) (citing Jumara, 55 F.3d at 879-80 and Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex., 571 U.S. 49, 62 n.6 (2013)).

## III.    Discussion

Defendants argue that transfer to the Western District of Pennsylvania is warranted because "[t]here is absolutely no connection with this case and the Eastern District of Pennsylvania, except that Plaintiff filed the case in Philadelphia County and Plaintiff's counsel is in Philadelphia."  Mot. 2.  In support, Defendants contend that the private factors balance in favor of transfer, to include that: (1) the accident occurred in Jefferson County, which is within the Western District; (2) no party to the action resides in Pennsylvania, except for Third-Party Defendant Schilk, who resides within the Western District; (3) "[t]here is no connection with witnesses or activity involved in this case within the Eastern District"; and (4) there is a related, ongoing litigation—Essam E. Babkkir v. Olga V. Schilk and Diebold Nixford, No. 21-00348—pending in the Western District that is in the midst of discovery.  See Mot. 3-6.  As to the public factors, Defendants maintain that: (1) the enforceability and law as to liability remain the same should the case be tried in the Western District; (2) "there should not be cases involving the exact same trucking/motor vehicle accident pending in two separate districts when the Western District would be an appropriate place for

3

venue of both of the cases; and (3) the trial would be "easier, more expeditious and inexpensive" if allowed to proceed in the Western District, particularly because Defendants would seek to consolidate the matter with the case currently pending.  Id. at 5-7.

In response, Plaintiff argues that transfer is improper because: (1) Plaintiff, his family, physicians, counsel, and evidence are "closer" to the Eastern District; (2) "[s]heer logistics" favor the Eastern District because it is a "more convenient hub, logistically"; (3) "the Eastern District "provides many more resources for legal experts than the Western District"; (4) "[t]he Eastern District . . . does not have a clogged or backlogged docket, like the Western District," and "does not employ the confusing and arguably dilatory ADR process utilized by the Western District, which Plaintiff specifically seeks to avoid"; (5) "Eastern District Judges are also probably more familiar with these types of claims and the citizens of the Eastern District are no less capable of reaching decision and understanding the circumstances surrounding the subject crash than citizens of the Western District"; (6) the parties, being out-of-state, cannot claim that they are being denied a jury of their peers; (7) it is unreasonable for Plaintiff to have to obtain other counsel in order to execute on a judgment rendered in the Western District; and (8) the litigation pending in the Western District is "frivolous," and Plaintiff has not been joined to that matter as a witness or party.  See Resp. (ECF 7) 4-8.

Plaintiffs arguments are unpersuasive.  As an initial matter, public interests weigh in favor of transfer.  The Western District has a clear interest in litigating this case, which concerns a motor vehicle accident on an interstate within the Western District.  That there is a pending litigation in the Western District concerning the same accident, and generally naming the same parties, raises significant concerns over cost-effectiveness and efficiency.  It would be a waste of judicial resources to have the same case tried twice in two separate courts that each have case loads "below

the national average." Burns v. Shama Express, L.L.C., No. 21-5104, 2022 WL 125931, at *4 (E.D. Pa. Jan. 13, 2022) (Brody, J.) (transferring litigation arising from motor vehicle accident that took place on I-80 in the Western District to the Western District, and stating that, although the Western District has a "slightly higher case load per judge than does the Eastern District," "the case loads of both districts are below the national average, suggesting the public interest in lessening court congestion should be afforded little weight in this analysis"); accord Applied Card Sys., Inc. v. Winthrop Res. Corp., No. 03-4104, 2003 WL 22351950, at *3 (E.D. Pa. Sept. 23, 2003) (noting that allowing a case to proceed when there is a related litigation pending in another district "would be a waste of private and judicial resources") (Schiller, J.).

The private interests likewise weigh in favor of transfer. No party lives in Pennsylvania, except for Third-Party Defendant Schilk (who lives within the Western District). See Burns, 2022 WL 125931, at *3. Plaintiff's arguments that the Western District is more "logistically" challenging for the parties, experts, and collection of evidence is unconvincing, particularly given that witnesses appear to be either out-of-state, and thus just as easily able to travel to the Western District as the Eastern District, or already in the Western District.

Therefore, Defendants have met their burden of establishing that transfer of venue is warranted and have overcome the presumption in favor of Plaintiff's choice of forum.

## IV.   Conclusion

For the foregoing reasons, Defendants' Motion to Transfer is granted. An appropriate order follows.